IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRET LINCOLN, | |
| Plaintiff, | Case No. _____ |
| v. | |
| APEX HUMAN SERVICES, LLC and MOHAMED LAMIN SESAY, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, Secret Lincoln, by and through her attorney, David Manes, Esq., of RUPPERT MANES NARAHARI, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that she was subjected to persistent sexual harassment in the workplace of Defendant, including an instance of a physical assault perpetrated by the company's co-owner. This resulted in Plaintiff's constructive discharge.

### II. Jurisdiction and Venue

2. This action arises under the Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5.  Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under Title VII on May 28, 2020, under charge number 533-2020-04198. *See Exhibit 1*.

6.  Plaintiff was mailed Notice of Right to Sue from the EEOC on October 15, 2019. This Complaint has been filed within ninety days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

### III. Parties

7.  Plaintiff, Secret Lincoln ("Lincoln"), is an adult individual with a primary residence located at 743 Bullock Avenue, Yeadon, PA 19050.

8.  Defendant, Apex Human Services, LLC, ("Apex Human Services"), is a Pennsylvania limited liability company with a primary address of 332 Laurel Avenue, Clifton Heights, PA, 19018. Defendant's location where Lincoln was employed was 204 MacDade Boulevard, Yeadon, PA 19050.

9.  Defendant, Mohamed Lamin Sesay, ("Sesay") is an adult individual with a primary residence believed to be located at 705 Spruce Street, Collingdale, PA 19023. Sesay is the co-owner of Apex Human Services.

### IV. Facts

10. Lincoln, a 26-year-old female, began working for Apex Human Services in March 2019 as a Registered Nurse ("RN") Supervisor.

11. Early on in Lincoln's employment, Sesay, the co-owner of Apex Human Services, began to make inappropriate comments to her.

12. For example, on several occasions, Sesay stated to Lincoln: "I can fuck you better than your husband."

13. This comment was completely unwanted by Lincoln, and it was extremely inappropriate.

14. On another occasion, Sesay stated to Lincoln: "Women want me because I have money."

15. Sesay also regularly referred to Lincoln as a "bitch."

16. This treatment made Lincoln extremely uncomfortable.

17. As a result, Lincoln reported Sesay's behavior to Sesay himself.

18. After Lincoln reported the instances of sexual harassment, Sesay became extremely hostile toward her, and they began to treat Lincoln differently than other employees.

19. For example, during the early part of the Covid-19 pandemic, several of Apex Human Services' employees were permitted to work from home due to safety concerns.

20. However, Lincoln was told that she would be required to work in-person every day.

21. Members of Apex Human Services' staff, including Sesay, sent Lincoln several inappropriate text messages which suggested that she wanted "free money."

22. When Lincoln requested, again, to work from home, she was threatened with termination by Apex Human Services' management, including Sesay. Notably, other individuals in similar positions continued to work from home without any problem.

23.     On March 31, 2020, while Lincoln was completing paperwork for Apex Human Services, Sesay began to yell at her. He then wrapped his hands around Lincoln's throat and began to choke her.

24.     Lincoln was able to break away from Sesay. She immediately left the premises to file a police report. *See Exhibit Three*.

25.     Lincoln has not since returned to work due to fears for her safety.

## COUNT I
### Sexual Harassment in Violation of Title VII
*Plaintiff v. Defendants*

26.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

27.     Apex Human Services constitutes an employer within the meaning of Title VII.

28.     Lincoln was an employee of Apex Human Services within the meaning of Title VII.

29.     In order to state a *prima facie* case for sexual harassment in violation of Title VII, a plaintiff must show that she was subjected to "pervasive and regular" discrimination based on her sex. Martinez v. Rapidigm, Inc., 290 Fed.Appx. 521, 524 (3d Cir.2008) (quoting Weston v. Pennsylvania, 251 F.3d 420, 426 (3dm Cir.2001) (internal alterations omitted).

30.     A plaintiff must further show that the "discrimination detrimentally affected her" in a manner which would similarly impact a "reasonable person" in an equivalent situation, as well as the "existence of respondent superior liability." Id.

31.     Here, Lincoln was regularly subjected to sexually-charged comments made by Sesay, the co-owner of Apex Human Services. All of these comments were stated in a crude and harassing manner.

32. Sesay made sexually explicit remarks which targeted Lincoln based on her sex and status as a female subordinate.

33. Lincoln was also regularly called a "bitch" by Sesay, an abusive term reserved for females.

34. These comments were regular, and they were so pervasive that Lincoln chose to report the conduct to both Sesay, the perpetrator of the abuse, as well as to Kamara, the other co-owner of Apex Human Services.

35. Apex Human Services' conduct created a harmful and unsafe work environment for Lincoln, which caused her anguish and frustration.

36. A reasonable person in Lincoln's position would feel unsafe and uncomfortable as a result of the abusive behavior perpetrated by Sesay.

37. Apex Human Services owed Lincoln a duty to provide a work environment free of sexual harassment. Apex Human Services failed to do so, and, as a result, breached its duty.

38. The foregoing misconduct by Apex Human Services and Sesay was undertaken with malice and/or reckless indifference to Lincoln's rights protected under state and federal law to be free from discrimination.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against the Defendants, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
## Retaliation in Violation of Title VII
*Plaintiff v. Defendants*

39. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

40. Apex Human Services constitutes an employer within the meaning of Title VII.

41. Lincoln was an employee of Apex Human Services within the meaning of Title VII.

42. In order to state a *prima facie* case for retaliation in violation of Title VII, a plaintiff must show that she "engaged in a protected activity," including "informal protests of discriminatory employment practices" made to a member of a defendant's management. Moore v. Sec. U.S. Dept. of Homeland Sec., 718 Fed. Appx. 164, 166-67 (3d Cir. 2017) (unpublished) (quoting Daniels v. Sch. Dist. of Phila., 776 F. 3d 181, 193 (3d Cir. 2015)).

43. A plaintiff must also show that "adverse" employment action was taken against the plaintiff "after or contemporaneous with the employee's protected activity." Id.

44. There also must be "a causal connection between the protected activity and the adverse action." Id.

45. Notably, the Third Circuit has established a "reasonable person" standard when it comes to evaluating the concept of an adverse employment action. Bearley v. Friendly Ice Cream Corp., 322 F. Supp. 2d 563, 577 (M.D. Pa. 2004).

46. A constructive discharge occurs when employment conditions are permitted to be "so unpleasant or difficult that a reasonable person would have felt compelled to resign." Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir.2001) (citing Spangle v. Valley Forge Sewer Auth., 839 F.2d 171, 173 (3d Cir.1988)).

47. Here, Lincoln engaged in a protected activity when she reported the instances of sexual harassment perpetrated by Sesay to Kamara, both of whom were management and owners of Apex Human Services.

48. Adverse employment was immediately taken against Lincoln. She was treated with disregard and received unequal access to benefits which were provided to other employees.

49. Lincoln was also subjected to Sesay's wrath. He frequently yelled at and admonished her.

50. Ultimately, Sesay subjected Lincoln to an act of battery.

51. A reasonable person would be unable to cope with such mental and physical abuse in the workplace.

52. Lincoln feared for her physical safety.

53. As a result, she was constructively discharged from her position.

54. The foregoing misconduct by Apex Human Services and Sesay was undertaken with malice and/or reckless indifference to Lincoln's rights protected under state and federal law to be free from discrimination.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against the Defendants, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

### COUNT III
### Sexual Harassment in Violation of the PHRA
*Plaintiff v. Defendants*

55. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

56. The adverse treatment and employment action for which Lincoln was subjected began immediately after her engagement in a protected activity.

57. Apex Human Services constitutes an employer within the meaning of the PHRA.

58. Lincoln was an employee of Apex Human Services within the meaning of the PHRA.

59. The analytical framework used to evaluate a claim under the PHRA is effectively indistinguishable from that under Title VII. See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

60. Because Lincoln is able to state a claim for sexual harassment in violation of Title VII, so too will she be able to state a claim for sexual harassment in violation of the PHRA.

61. The foregoing misconduct by Apex Human Services and Sesay was undertaken with malice and/or reckless indifference to Lincoln's rights protected under state and federal law to be free from discrimination.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against the Defendants, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

**COUNT IV**
**Retaliation in Violation of the PHRA**
*Plaintiff v. Defendants*

62. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

63. Apex Human Services constitutes an employer within the meaning of the PHRA.

64. Lincoln was an employee of Apex Human Services within the meaning of the PHRA.

65. The analytical framework used to evaluate a claim under the PHRA is effectively indistinguishable from that under Title VII. See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

66. Because Lincoln is able to state a claim for retaliation in violation of Title VII, so too will she be able to state a claim for retaliation in violation of the PHRA.

67. The foregoing misconduct by Apex Human Services and Sesay was undertaken with malice and/or reckless indifference to Lincoln's rights protected under state and federal law to be free from discrimination.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against the Defendants, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

### COUNT V
**Battery**
*Plaintiff v. Mohamed Lamin Sesay, individually*

68. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

69.     Battery, an intentional tort, requires "a harmful or offensive contact with a person." Dorley v. S. Fayette Tp. Sch. Dist., 129, F.Supp 3d 220, 242 (W.D. Pa. 2015)(quoting Herr v. Booten, 398 Pa.Super. 166, 580 A.2d 1115, 1117 (1990).

70.     The contact must be that of which a plaintiff did not consent. Id.

71.     Here, Sesay intentionally engaged in a harmful contact with Lincoln when, on March 31, 2020, he placed his hands around her neck and began to choke her.

72.     Lincoln did not consent to this contact.

73.     The contact was both harmful and offensive to Lincoln.

74.     As a result of Sesay's unlawful touching, Lincoln suffered damages including physical pain and emotional distress.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against the Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ David Manes
PA ID: 314661
**RUPPERT MANES NARAHARI**
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@rmn-law.com

## VERIFICATION

I, Secret Lincoln, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Secret Lincoln